UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KENNETH WILSON**<br>143 Woodside Park Drive<br>Amelia, OH 45102 | : <br> : <br> : <br> : | Case No. 1:21-cv-518 <br><br> Judge |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| **BON SECOURS MERCY HEALTH, INC.**<br>1701 Mercy Health Place<br>Cincinnati, OH 45237 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Now comes Plaintiff Kenneth Wilson, who for his Complaint against Bon Secours Mercy Health, Inc. ("Mercy"), states as follows:

**I. PRELIMINARY STATEMENT**

1. This action arises under the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. Mr. Wilson, a former employee of Defendant, alleges that Defendant interfered with his rights under the Rehabilitation Act by terminating him because of his disability.

2. Mr. Wilson seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for his economic injuries, compensatory damages for his noneconomic injuries, equitable relief in the form of reinstatement or front pay, and punitive damages. Finally, Mr. Wilson seeks payment of his attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 29 U.S.C. § 701, *et. seq.*

4. Venue with this Court is appropriate because the acts complained of herein occurred within the Southern District of Ohio.

## III. PARTIES

5. Plaintiff Kenneth Wilson is a United States citizen and a resident of Amelia, Ohio. Mr. Wilson worked at Mercy's Anderson hospital in its Pre-operation and Post-Anesthesia Care Unit departments as a Registered Nurse. Mr. Wilson is "disabled" as that term is defined by § 504 of the Rehabilitation Act.

6. Defendant Mercy is a health care provider that provides health care services to individuals in Ohio. Mercy receives federal funding and is a "program or activity" as that term is defined by § 504 of the Rehabilitation Act.

## IV. STATEMENT OF THE CASE

7. Mercy hired Mr. Wilson in or about February 2015 as a Registered Nurse.

8. Mr. Wilson suffers from thoracic neuritis, thoracic root lesions, lumbar radiculopathy, cervical disc displacement, and thoracis/lumbosacral neuritis/radiculitis, which substantially limit the normal operation of his musculoskeletal system.

9. Because of his diagnoses, Mr. Wilson's physicians prescribed him Tramadol, a pain medicine.

10. At the time of his hire, Mr. Wilson disclosed his legally prescribed use of Tramadol to Mercy.

11. Mercy knowingly allowed Mr. Wilson to work as a registered nurse while taking Tramadol.

12. Mr. Wilson's use of Tramadol did not interfere with his ability to perform his duties.

13. Indeed, throughout his employment, Mr. Wilson received positive performance reviews and raises.

14. In or about August 2019, Mr. Wilson requested medical leave to undergo a stem cell procedure to treat his disabilities.

15. Mercy granted his request for leave.

16. In early November 2019, Mr. Wilson had a discussion with human resources regarding his return to work. Mr. Wilson mentioned his use of Tramadol to Teresa Howell, Absence Management Specialist. Ms. Howell then told Stacey Ward, an employee in Mercy's Employee Health department, about Mr. Wilson's use of Tramadol.

17. On November 5, 2019, Ms. Ward emailed Ms. Howell and told her that Mr. Wilson's use of Tramadol violated Mercy policy and that he could not work in any position while using the medication. Ms. Howell then forwarded Ms. Ward's email to Mr. Wilson.

18. Mercy's policy is a wholesale ban on the use of prescription medication, stating that an employee is "prohibited from being impaired by any substance, including Illegal Drugs, alcohol, or lawfully-prescribed medications, while on Ministry property."

19. Relying on the policy, Mercy refused to reinstate Mr. Wilson to his position as a registered nurse on December 1, 2021—the date his doctor had cleared him to return to work.

20. In response, Mr. Wilson requested a transfer to an alternate position that would allow him to use his prescription medication.

21. Mercy told him that no such position within the organization existed because the policy applied to all positions at Mercy. Instead, Mercy forced Mr. Wilson to take a leave

of absence unless and until he could return to work without the need to use his prescription medication.

22. Mercy did not conduct an individualized inquiry to determine whether Mr. Wilson could take his legally-prescribed medication without posing a direct threat to others.

23. Mercy terminated Mr. Wilson on August 12, 2020, because he could not return to work without the use of his prescription medication. As a result of Mercy's illegal conduct, Mr. Wilson has suffered damages including lost wages and emotional distress.

## V. STATEMENT OF THE CLAIMS

### Count 1: Failure to Accommodate
### 29 U.S.C. § 701

24. Mr. Wilson incorporates paragraphs 1 through 23 as if fully rewritten herein.

25. Mercy receives federal funding.

26. Mr. Wilson suffers from a disability.

27. Mr. Wilson was otherwise qualified to work at Mercy with a reasonable accommodation.

28. Mercy knew of Mr. Wilson's disability.

29. Mr. Wilson requested that he be permitted to use his prescription medication while performing his duties for Mercy or, in the alternative, transfer to an open position. The accommodation is reasonable because taking his medication would allow him to perform the essential functions of his job and would not unduly harm Mercy.

30. Mercy failed to provide the necessary accommodation, and it failed to participate in the interactive process by discussing a reasonable, alternative accommodation that would allow Mr. Wilson to perform the essential functions of his position.

31. As a result of Mercy's illegal actions, Mr. Wilson has suffered damages including lost wages and emotional distress.

32. Mercy acted with malice and a conscious disregard for Mr. Wilson's rights under federal law not to be subjected to discrimination in his employment on account of a disability.

### Count 2: Disability Discrimination
### 29 U.S.C. § 701

33. Mr. Wilson incorporates paragraphs 1 through 32 as if fully rewritten herein.

34. Mercy receives federal funding.

35. Mr. Wilson suffers from a disability and/or Mercy regarded him as suffering from a disability.

36. Mr. Wilson is qualified to perform the essential functions of his position with or without a reasonable accommodation.

37. Mercy refused to allow Mr. Wilson to work as a registered nurse while taking Tramadol pursuant to a policy banning the use of Tramadol.

38. Mercy failed to conduct an individualized inquiry to determine whether Mr. Wilson's use of Tramadol constituted a direct threat.

39. Mercy terminated Mr. Wilson because of his disability and/or because Mercy regarded him as suffering from a disability.

40. As a result of Mercy's illegal actions, Mr. Wilson has suffered damages including lost wages and emotional distress.

41. Mercy acted with malice and a conscious disregard for Mr. Wilson's rights under federal law not to be subjected to discrimination in his employment on account of a disability.

## **PRAYER FOR RELIEF**

Wherefore, Mr. Wilson demands judgment against the Bon Secours Mercy Health as follows:

1. An award of compensatory damages for all economic damages suffered by Mr. Wilson in an amount to be determined at trial;

2. An award of compensatory damages for all non-economic damages suffered by Mr. Wilson in an amount to be determined at trial;

3. For an order reinstating Mr. Wilson to his previous position at Mercy, inclusive of all pay increases and benefits to which he would have been entitled had he not been terminated, or in the alternative, an award of front pay;

4. For an award of Mr. Wilson's reasonable attorney fees and costs;

5. For an award of any other relief in law or equity to which Mr. Wilson is entitled to under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff Kenneth Wilson*

## JURY DEMAND

Plaintiff Kenneth Wilson demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
